UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 10-359-KKC

BRIAN LOUALLEN, PLAINTIFF

v. **OPINION & ORDER**

EVANS CONSTRUCTION, INC., DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Defendant's motion to dismiss for failure to state a claim upon which relief can be granted [DE 7]. The Court will deny the Defendant's motion because it is untimely and more importantly, it relies on an affidavit outside the pleadings and the Plaintiff has not had an opportunity to pursue appropriate discovery.

First, the Defendant's motion is untimely. The Plaintiff filed his Complaint on October 14, 2010 [DE 1]. The Defendant's answer was due on or before November 29, 2010 [DE 6]. However, the Defendant did not file its Rule 12(b)(6) motion until January 14, 2011, well after its answer was due [DE 7]. Since "a defendant filing a pre-answer motion under Federal Rule of Civil Procedure 12(b) must do so before his answer is due," the Defendant's motion is untimely. *McMillian v. District of Columbia*, 233 F.R.D. 179, 182 (D. D.C. 2005). Further, the Defendant did not seek leave of the Court before filing its untimely motion. Therefore, the Court would be justified in denying the Defendant's motion simply on procedural grounds.

That being said, the Court has considered the merits of the Defendant's motion, which relies heavily on the affidavit of Lynda Evans, the owner of Evans Construction. Through Evans' affidavit, the Defendant seeks to establish, among other things, that the Plaintiff is not an eligible employee under the Family Medical Leave Act, that the Plaintiff remains employed by the Defendant, and that

the Defendant turned over the Plaintiff's claim to its workers' compensation carrier.

According to the Federal Rules of Civil Procedure, a motion to dismiss under Rule 12(b)(6) must be treated as a motion for summary judgment when "matters outside the pleadings are presented to and not excluded by the court." FED. R. CIV. P. 12(d). Importantly, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id*. Since the Defendant's motion relies on Evans' affidavit, the Court finds that the Plaintiff is entitled to pursue discovery on the issues pertinent to the motion.

Therefore, it is **HEREBY ORDERED** that the Defendant's motion to dismiss [DE 7] is **DENIED**. The Defendant can reassert its motion, in the form of a motion for summary judgment, after the parties have conducted appropriate discovery.

Dated this 6th day of June, 2011.

Signed By:
*Karen K. Caldwell*
United States District Judge